UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
CITY OF WESTLAND POLICE AND FIRE : Civil Action No. 1:12-cv-00256-LAK
RETIREMENT SYSTEM, Individually and on :
Behalf of All Others Similarly Situated, : <u>CLASS ACTION</u>
:
: MEMORANDUM OF LAW IN SUPPORT
                Plaintiff, : OF CENTRAL STATES, SOUTHEAST AND
: SOUTHWEST AREAS PENSION FUND'S
   vs. : MOTION FOR APPOINTMENT AS LEAD
: PLAINTIFF AND APPROVAL OF
METLIFE INC., et al., : SELECTION OF LEAD COUNSEL
:
              Defendants. :
:
---------------------------------------------------------x

693121_1

I.   **PRELIMINARY STATEMENT**

This action is a securities class action brought on behalf of purchasers of MetLife, Inc. ("Metlife" or the "Company") securities between February 2, 2010 and October 6, 2011, inclusive (the "Class Period"), which alleges violations of §§10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Proposed lead plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Central States") hereby moves this Court for an order: (i) appointing it as lead plaintiff pursuant to the PSLRA; and (ii) approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as lead counsel.

This motion is made on the grounds that Central States is the most adequate plaintiff as defined by the PSLRA because it possesses a significant financial interest, *see* Rosenfeld Decl. Ex. B,[1] and it otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

Accordingly, Central States should be appointed Lead Plaintiff, and its selection of Lead Counsel should be approved.

---

[1]   References to the "Rosenfeld Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld in Support of Central States, Southeast and Southwest Areas Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated March 12, 2012, and submitted concurrently herewith.

693121_1

## II. FACTUAL BACKGROUND

MetLife is a global provider of insurance, annuities and employee benefit programs, serving 90 million customers in over 60 countries. The complaint alleges that, as a result of MetLife's death benefits practices and procedures, during the Class Period, defendants caused the Company to issue materially false and misleading statements concerning the Company's current and future financial condition and its potential liability to policyholders, their beneficiaries or relevant state authorities for millions of dollars in benefits that should have been paid out to policyholders or escheated to the states.

On August 5, 2011, the Company disclosed in its Form 10-Q filed with the Securities and Exchange Commission ("SEC") that regulatory investigations into its death benefits practices could result in additional escheatment to the states and administrative penalties, the costs of which could be substantial. This disclosure caused the Company's stock price to decline 11% by the next trading day. Then, on October 6, 2011, the Company filed a Form 8-K with the SEC, stating among other things that it would take at least a $115 million after-tax charge to increase its reserves in connection with its death benefits practices. On this news, the Company's stock price declined from $30.69 on October 6, 2011 to $28.80 on October 7, 2011.

According to the complaint, defendants' statements during the Class Period were each materially false and misleading in that defendants knew or recklessly disregarded that: (a) the Company had not properly or adequately reserved for the payment of benefits to policyholders' beneficiaries when it knew or had reason to know the policyholders were deceased; (b) the Company's historical processes, policies and procedures were inadequate to identify current liabilities related to policyholders who had died but whose beneficiary claims had not yet been made; (c) the Company knew to be false its assurances that the allegations regarding the Company's death

- 2 -

benefits practices were without merit; and (d) defendants knew that the Company's financial results and guidance for its operating earnings during the Class Period were false.

## III. ARGUMENT

### A. Central States Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on January 12, 2012. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;

- 3 -

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 391 (S.D.N.Y. 2008); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### 2. Central States Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a. Central States Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on January 12, 2012), Central States timely moves this Court to be appointed lead plaintiff on behalf of all members of the class by the March 12, 2012 deadline. An authorized representative of Central States has signed and filed a Certification stating that it is willing to serve as the representative party on behalf of the class. *See* Rosenfeld Decl., Ex. C. In addition, Central States has selected and retained competent counsel to represent it and the class. *See* Rosenfeld Decl., Ex. D. Accordingly, Central States is entitled to have its application for appointment as lead plaintiff and selection of lead counsel considered and approved by the Court.

#### b. Central States Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss chart, Central States incurred a substantial loss of over $7.3 million on its transactions in MetLife securities made in reliance upon materially false and misleading statements and was injured thereby. Rosenfeld Decl., Exs. B, C. Central States, thus, has a substantial financial

interest in this case.  Upon information and belief, Central States possesses the largest financial interest of any movant seeking lead plaintiff status.

### c.       **Central States Otherwise Satisfies Rule 23**

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification.  *See In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 Civ. 9943 (DC), 2009 WL 579502, at *2 (S.D.N.Y. Mar. 6, 2009) ("[A]t this stage a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23.").  Central States satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Fed. R. Civ. P. 23(a)(3).  Typicality exists where the plaintiff's claims and the class claims arise from the same series of events and are based on the same legal theories as the

claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).

Central States satisfies this requirement because, just like all other class members, it: (i) invested in MetLife during the Class Period; (ii) made those investments in reliance upon the allegedly materially false and misleading statements issued by defendants; and (iii) suffered damages thereby. Thus, Central States' claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. *Caiafa v. Sea Containers Ltd.*, No. 06 Civ. 2565 (RMB), 2006 WL 2381841, at *1 (S.D.N.Y. Aug. 14, 2006) (court appointed lead plaintiff whose "claims are 'typical' in that they 'arise form [sic] the same course of conduct that gives rise to the claims of the other class members'") (citation omitted).

Under Rule 23, the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Central States to represent the class to the existence of any conflicts between the interests of Central States and the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representative's claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, Central States is an adequate representative of the class. As evidenced by the injury suffered by Central States based on materially false and misleading statements, its interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between Central States' interests and those of the other members of the class. Further, Central States has taken significant steps which demonstrate that it will protect the interests of the class: it has retained

competent and experienced counsel to prosecute these claims. As shown below, Central States' proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. *See Caiafa*, 2006 WL 2381841, at *1& n.3 (appointing lead plaintiff that "'has a sufficient interest in the outcome of the case to ensure vigorous advocacy'" and "has also retained 'counsel [that] is qualified, experienced and generally able to conduct the litigation'") (citation omitted).

Moreover, Central States, an institutional investor, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent classmembers." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Group*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors."); *see also Rozenboom v. Van Der Moolen Holding, N.V.*, No. 03 Civ. 8284(RWS), 2004 WL 816440, at *2 (S.D.N.Y. Apr. 14, 2004) (citing congressional intent to encourage institutional investors to serve as lead plaintiffs).

Accordingly, Central States *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve Central States' Selection of Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In this regard, Central States has selected Robbins Geller to serve as Lead Counsel – a firm with substantial

experience in the prosecution of shareholder and securities class actions in this District and elsewhere. *See, e.g., Turner v. ShengdaTech, Inc.*, No. 11 Civ. 1918(TPG), 2011 WL 6110438 (S.D.N.Y. Dec. 6, 2011) (approving selection of Robbins Geller as lead counsel); *IBEW Local 90 Pension Fund v. Deutsche Bank AG*, No. 11 Civ. 4209(BSJ)(JCF), 2011 WL 6057812, at *1 (S.D.N.Y. Dec. 5, 2011) (same); *Lintz v. Agria Corp.*, No. 08 Civ. 3536(WHP), 2008 U.S. Dist. LEXIS 99846, at *7 (S.D.N.Y. Dec. 3, 2008) (approving selection of Robbins Geller's predecessor firm); *In re Orion Sec. Litig.*, No. 08 Civ. 1328(RJS), 2008 U.S. Dist. LEXIS 55368, at *17-*18 (S.D.N.Y. July 8, 2008) (same); Rosenfeld Decl., Ex. D.  Accordingly, the Court should approve Central States' selection of lead counsel.

**IV.   CONCLUSION**

For all the foregoing reasons, Central States respectfully requests that the Court: (i) consolidate the related actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint it as Lead Plaintiff; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  March 12, 2012                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                        s/ DAVID A. ROSENFELD
                        DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
drosenfeld@rgrdlaw.com
srudman@rgrdlaw.com

>ROBBINS GELLER RUDMAN
>  & DOWD LLP
>SHAWN A. WILLIAMS
>Post Montgomery Center
>One Montgomery Street, Suite 1800
>San Francisco, CA  94104
>Telephone:  415/288-4545
>415/288-4534 (fax)
>shawnw@rgrdlaw.com
>
>ROBBINS GELLER RUDMAN
>  & DOWD LLP
>DARREN J. ROBBINS
>TRICIA L. McCORMICK
>655 West Broadway, Suite 1900
>San Diego, CA  92101
>Telephone:  619/231-1058
>619/231-7423 (fax)
>darrenr@rgrdlaw.com
>triciam@rgrdlaw.com
>
>[Proposed] Lead Counsel for Plaintiff

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 12, 2012.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
 & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:drosenfeld@rgrdlaw.com

693121_1

# Mailing Information for a Case 1:12-cv-00256-LAK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Shawn Anthony Williams**
  swilliams@rgrdlaw.com,aelishb@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Thomas C. Michaud