UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| CITY OF WESTLAND POLICE AND FIRE RETIREMENT SYSTEM, *Individually and On Behalf of All Others Similarly Situated*, | : : : : | Civil Action No.: 12 CIV 0256 <br><br> CLASS ACTION |
| Plaintiff, | : : |  |
| vs. | : : |  |
| METLIFE INC., C. ROBERT HENRIKSON, WILLIAM J. WHEELER, PETER M. CARLSON, STEVEN A. KANDARIAN and WILLIAM J. MULLANEY, | : : : : : |  |
| Defendants. |  |  |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO APPOINT IRONWORKERS' DISTRICT COUNCIL (PHILADELPHIA & VICINITY) PENSION & BENEFIT PLANS AS LEAD PLAINTIFF AND TO APPROVE ITS SELECTION OF LEAD COUNSEL

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | STATEMENT OF FACTS | | 1 |
| II. | ARGUMENT | | 2 |
| | A. | IWDC Satisfies the Lead Plaintiff Requirements of the PSLRA | 2 |
| | B. | IWDC Has the Largest Financial Interest in the Relief Sought by the Class | 3 |
| | C. | IWDC Satisfies the Requirements of Federal Rule of Civil Procedure Rule 23 | 4 |
| | | 1. IWDC's Claims Are Typical of the Claims of All the Class Members | 4 |
| | | 2. IWDC Will Adequately Represent the Interests of the Class | 5 |
| | D. | IWDC's Selection of Co-Lead Counsel Should Be Approved | 6 |
| III. | CONCLUSION | | 7 |

Class member, Ironworkers' District Council (Philadelphia & Vicinity) Pension & Benefit Plans ( "IWDC" or "Movant") respectfully submit this Memorandum of Law in support of their Motion: (1) to be appointed as Lead Plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3); and (2) for approval of its selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Saltz Mongeluzzi Barrett & Bendesky P.C. ("SMBB") as Co-Lead Counsel for the Class.

I.   **STATEMENT OF FACTS**

This is a federal securities class action brought on behalf of investors who purchased common stock of MetLife, Inc. (referred to hereinafter as the "Company" or "MetLife").  The class consists of those investors who purchased MetLife common stock between February 2, 2010 and October 6, 2011 (the "Class Period").[1]  MetLife was traded on the New York Stock Exchange ("NYSE") during the Class Period.

The complaint charges MetLife and certain of its officers and directors with violations of the Securities Exchange Act of 1934.  MetLife is a global provider of insurance, annuities and employee benefit programs, serving 90 million customers in over 60 countries.

The complaint alleges that, as a result of MetLife's death benefits practices and procedures, during the Class Period, defendants caused the Company to issue materially false and misleading statements concerning the Company's current and future financial condition and its potential liability to policyholders, their beneficiaries or relevant state authorities for millions of dollars in benefits that should have been paid out to policyholders or escheated to the states.

On August 5, 2011, the Company disclosed in its Form 10-Q filed with the SEC that regulatory investigations into its death benefits practices could result in additional escheatment to the states and administrative penalties, the costs of which could be substantial. This disclosure caused the Company's stock price to decline 11% by the next trading day. Then, on October 6, 2011, the Company filed a Form 8-K with the SEC, stating among other things that it would take at least a $115 million after-tax charge to increase its reserves in connection with its death benefits

---

[1]   The facts are gathered from the January 12, 2012, complaint captioned *City of Westland Police and Fire Retirement System v. MetLife, Inc., et al.,* No. 12-cv-0256-LAK.

practices. On this news, the Company's stock price declined from $30.69 on October 6, 2011 to $28.80 on October 7, 2011.

According to the complaint, Defendants' statements during the Class Period were each materially false and misleading in that Defendants knew or recklessly disregarded that: (a) the Company had not properly or adequately reserved for the payment of benefits to policyholders' beneficiaries when it knew or had reason to know the policyholders were deceased; (b) the Company's historical processes, policies and procedures were inadequate to identify current liabilities related to policyholders which had died but whose beneficiary claims had not yet been made; (c) the Company knew to be false its assurances that the allegations regarding the Company's death benefits practices were without merit; and (d) defendants knew that the Company's financial results and guidance for its operating earnings during the Class Period were false

## II.     ARGUMENT

### A.     IWDC Satisfies the Lead Plaintiff Requirements of the PSLRA

The PSLRA provides the procedure that governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). First, the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Here, the class action was filed on January 12, 2012, and notice was published that same day. *See* Declaration of Reed R. Kathrein in Support of Motion to Appoint IWDC as Lead Plaintiff and To Approve the Selection of Lead Counsel, filed concurrently herewith.  ("Kathrein Decl."), Ex. A (Notice of Pendency).  Within sixty days after publication of notice, "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

Once the motions have been filed, the Court is charged with selecting the class member most capable of adequately representing the interests of the class to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B).  The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be *most capable of adequately representing the interests of class members* in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The "most adequate plaintiff" assumes a rebuttable presumption that:

> . . . [T]he most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) *in the determination of the court, has the largest financial interest in the relief sought by the class*; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under this statutory test, IWDC is the "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. IWDC has timely moved this Court for appointment as Lead Plaintiff in accordance with the PSLRA and has the willingness, resources and expertise to obtain excellent results for the Class. Consequently, this Court should appoint IWDC as Lead Plaintiff and approve Movant's selection of Hagens Berman and SMBB as Co-Lead Counsel for the Class.

      **B.**    **IWDC Has the Largest Financial Interest in the Relief Sought by the Class**

As a result of Movant's purchases of MetLife common stock throughout the Class Period, IWDC suffered a $345,304.49 FIFO loss and a $204,160.78 LIFO loss. Kathrein Decl., Exs. B and C. IWDC believes it has the largest financial interest in this class action compared to any other party moving for Lead Plaintiff. The PSLRA provides that there is a rebuttable presumption that

3

the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . ."  *Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).  IWDC, therefore, is presumptively the "most adequate plaintiff" pursuant to the PSLRA.

### C.    IWDC Satisfies the Requirements of Federal Rule of Civil Procedure Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provide that the Lead Plaintiff must satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or her claims satisfy the requirements of Rule 23.").  At this stage of the litigation, "typicality and adequacy of representation are the only provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA."  *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  *See also Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 U.S. Dist. LEXIS 95506, at *11-*12 (S.D.N.Y. Nov. 24, 2008) ("In a motion to be appointed as lead plaintiff, a class member need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied.").  As detailed below, IWDC satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

#### 1.    IWDC's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory.  *See Reimer*, 2008 U.S. Dist. LEXIS 38729, at *12 ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d

4

285, 291 (2d Cir. 1992)). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In this case, the typicality requirement is met because IWDC's claims are identical to the claims of the other Class Members. Like all MetLife investors, IWDC purchased shares of MetLife. IWDC and all the members of the Class purchased MetLife common stock when the stock prices were artificially inflated as a result of Defendants' misrepresentations and omissions, and thus, both IWDC and the Class Members suffered damages as a result of these purchases. Simply put, IWDC, like all the other Class Members: (1) purchased MetLife common stock; (2) purchased MetLife common stock at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. IWDC's claims and injuries arise from the same event or course of conduct that gave rise to the claims of other class members.

Moreover, IWDC is not subject to any unique or special defenses. Thus, IWDC meets the typicality requirement of Rule 23 because IWDC's claims are the same as the claims of the other Class Members.

### 2. IWDC Will Adequately Represent the Interests of the Class

The requirements of Rule 23(a) relating to adequate representation are satisfied if: (1) the class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of the class are not antagonistic to one another; and (3) the Lead Plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *19 (S.D.N.Y. July 2, 2004). As described below, IWDC will adequately represent the interests of the class.

IWDC's interests are clearly aligned with the members of the Class because Movant's claims are identical to the claims of the Class. There is no evidence of antagonism between IWDC's interests and those of proposed Class Members. Furthermore, IWDC has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial interest Movant incurred as a result of the wrongful conduct alleged herein. This motivation, combined with IWDC's identical interest with the members of the Class, clearly shows

that IWDC will adequately and vigorously pursue the interests of the Class.  In addition, IWDC has selected counsel that are highly experienced in prosecuting securities class actions such as this one to represent the fund and the class.

In sum, because of IWDC's common interests with the Class Members, Movant's clear motivation and ability to vigorously pursue this action, and Movant's competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this case.  Therefore, since IWDC not only meets both the typicality and adequacy Requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, IWDC is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii), presumptively the most adequate plaintiff to lead this action.

### D.   IWDC's Selection of Co-Lead Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to the Court's approval.  15 U.S.C. § 78u-1(a)(3)(B)(v).  Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-l(a)(3)(B)(iii)(II)(aa).  IWDC has selected Hagens Berman to serve as Co-Lead Counsel for the Class.  Hagens Berman has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Kathrein Decl., Ex. D (Hagens Berman Résumé).  SMBB is also a highly experienced class action firm whose attorneys have been involved in numerous securities actions. *See* Kathrein Decl., Ex. E (SMBB resume).  This Court may be assured that in the event that this motion is granted, the members of the Class will receive the highest caliber of legal representation.

### III. CONCLUSION

For the foregoing reasons, the Court should consolidate the related cases, appoint IWDC as Lead Plaintiff and approve their selection of Hagens Berman Sobol Shapiro LLP and SMBB as Co-Lead Counsel for the Class.

DATED:  March 12, 2012           Respectfully submitted,

                                 HAGENS BERMAN SOBOL SHAPIRO LLP


                                 By         /s/ Jason A. Zweig
                                        Jason A. Zweig , JZ-8107

                                 One Penn Plaza, 36th Floor
                                 New York, NY 10119
                                 Telephone: (212) 752-54550
                                 Facsimile: (917) 210-3980
                                 jasonz@hbsslaw.com

                                 Steve W. Berman
                                 HAGENS BERMAN SOBOL SHAPIRO LLP
                                 1918 Eighth Avenue, Suite 3300
                                 Seattle, WA  98101
                                 Telephone:  (206) 623-7292
                                 Facsimile:  (206) 623-0594

                                 Reed R. Kathrein (139304)
                                 Peter E. Borkon (212596)
                                 HAGENS BERMAN SOBOL SHAPIRO LLP
                                 715 Hearst Avenue, Suite 202
                                 Berkeley, CA 94710
                                 Telephone:  (510) 725-3000
                                 Facsimile:  (510) 725-3001

                                 Patrick Howard
                                 SALZ, MONGELUZZI BARRETT & BENDESKY, P.C.
                                 1650 Market Street, 52nd Floor
                                 Philadelphia, PA 19103
                                 Telephone: (215) 575-3985
                                 Facsimile: (215) 575-3894
                                 phoward@smbb.com

                                 [Proposed] Lead Counsel for IWDC

**CERTIFICATE OF SERVICE**

      I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                                                                              Jason A. Zweig<u>           </u>
                                                                                                         JASON A. ZWEIG