UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
       :
CITY OF WESTLAND POLICE AND FIRE       :
RETIREMENT SYSTEM, Individually and on Behalf of       :
All Others Similarly Situated,       :
       :
       Plaintiff,       :
       :
       -against-       :   12 Civ. 0256 (LAK)
       :
METLIFE, INC., et al.,       :
       :
       Defendants.       :
       :
------------------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' JOINT MOTION FOR RECONSIDERATION


| | |
|---|---|
| Timothy E. Hoeffner | Maeve L. O'Connor |
| John J. Clarke, Jr. | Elliot Greenfield |
| Constance Tse | Anna A. Moody |
| DLA PIPER LLP (US) | DEBEVOISE & PLIMPTON LLP |
| 1251 Avenue of the Americas | 919 Third Avenue |
| New York, New York 10020 | New York, New York 10022 |
| (212) 335-4500 | (212) 909-6000 |
| | |
| *Attorneys for Defendants Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Goldman, Sachs & Co., HSBC Securities (USA) Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated and Wells Fargo Securities, LLC* | *Attorneys for Defendants MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Steven A. Kandarian, William J. Mullaney, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang* |

23857903v1

Defendants MetLife, Inc. ("MetLife" or the "Company"), C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Steven A. Kandarian, William J. Mullaney, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang (collectively, the "MetLife Defendants") and Defendants Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Goldman, Sachs & Co., HSBC Securities (USA) Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated and Wells Fargo Securities, LLC (collectively, the "Underwriter Defendants") submit this memorandum in support of their joint motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b) and Local Civil Rule 6.3.[1]

## ARGUMENT

Defendants respectfully request that the Court reconsider the portion of its Memorandum Opinion dated February 28, 2013, Docket No. 52 (the "Opinion") concerning the Securities Act claims because it appears to be based on a misleading allegation concerning a supposed $80 million reserve shortfall that is contradicted by other allegations in the Amended Complaint and by the document on which it purports to be based.  Reconsideration is appropriate because there exists "the need to correct a clear error." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also* Fed. R. Civ. P. 54(b) (orders adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

---

[1] Throughout this brief, "MetLife Memorandum" or "Mem." refers to the "Memorandum of Law in Support of the MetLife Defendants' Motion to Dismiss the Amended Complaint" (Docket No. 43), "Opposition" or "Opp'n" refers to "Plaintiffs' Consolidated Opposition to the MetLife Defendants' and the Underwriter Defendants' Motions to Dismiss the Amended Complaint" (Docket No. 45), and "Reply" refers to the MetLife Defendants' "Reply Memorandum of Law in Further Support of the MetLife Defendants' Motion to Dismiss the Amended Complaint" (Docket No. 48).  All capitalized terms have the definitions set forth in the MetLife Memorandum.

liabilities."); S.D.N.Y. Local R. 6.3 (permitting a party to move for reconsideration based on "matters or controlling decisions which counsel believes the Court has overlooked.").

Specifically, in addressing the Securities Act claims, the Court appears to have relied on a single unsupported allegation suggesting that MetLife's 2007 DMF cross-check resulted in an $80 million *reserve shortfall* (AC ¶ 162), whereas in reality – as elsewhere acknowledged in the Amended Complaint – the $80 million amount represented *unclaimed benefits* (AC ¶¶ 86(k), 148). This distinction is important because MetLife maintained reserves based on its estimates of such "incurred but not reported" claims.

Plaintiff misleadingly alleges that "according to the multi-state Regulatory Settlement Agreement, in 2007 MetLife performed a match across certain of its insurance records using the SSA-DMF and had discovered over $80 million in IBNR claims *that had not been reserved for*." (AC ¶ 162 (emphasis added).) The relevant provision of the Regulatory Settlement Agreement, which is excerpted in the Amended Complaint, includes no reference to MetLife's *reserves*:

> WHEREAS, in 2007, the Company matched substantially all of its
> individual life policies for which it had electronic records,
> including policies in in-force, terminated and nonforfeiture status
> against the DMF and identified over $50 million in death benefits,
> which were paid to Beneficiaries and over $30 million in
> unclaimed benefits which have been or will be reported and
> remitted to the appropriate states in accordance with the
> Unclaimed Property Laws;

(AC ¶ 148; Greenfield Decl. Ex. B at 2.) *See In re Bristol-Meyers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004) (court need not accept as true allegations contradicted by cited documents); *Bill Diodato Photography LLC v. Avon Prods., Inc.*, No. 12 Civ. 847, 2012 WL 4335164, at *2 (S.D.N.Y. Sept. 21, 2012) (granting motion for reconsideration where court had relied on "language of the complaint" rather than "the language in the agreements").

2

The Amended Complaint contains no well-pleaded allegation stating how the $80 million in unclaimed benefits that MetLife allegedly identified in the 2007 cross-check compared to MetLife's IBNR reserves, much less that it represented an $80 million deficiency in the Company's IBNR reserves.  Furthermore, throughout the briefing on the Defendants' motion to dismiss, both Plaintiff and Defendants consistently referred to the $80 million amount as "unreported claims" or "unpaid benefits," with no mention of a reserve shortfall.  (*See* Mem. 3, 5, 16, 28; Opp'n 6, 9, 21, 30, 31 n.16; Reply 2, 9.)

This misleading allegation appears to be the basis of the Court's findings that:  (*i*) under the *Fait* analysis, MetLife had no reasonable basis for believing its IBNR reserves; and (*ii*) pursuant to Item 303 of Regulation S-K, MetLife reasonably should have expected that that the state investigations would cause the Company to alter its IBNR reserves.  (Opinion 18, 21.)

*First*, as the Court stated, MetLife's IBNR reserves are not actionable absent allegations indicating that it did not actually believe those reserves were accurate or knew that it had no reasonable basis for believing them.  (*Id.* 17.)  Because the Amended Complaint includes no well-pleaded allegation that MetLife "discover[ed] a reserve shortfall of $80 million dollars" in connection with the 2007 DMF cross-check, Plaintiff does not satisfy this pleading threshold.  (*Id.* 18.)  Moreover, there is no allegation that MetLife executives testified that the Company knew or believed that its estimated IBNR reserves were insufficient.  (*Id.* 18; AC ¶ 23.)

*Second*, the Court's conclusion that "[t]he MetLife Defendants reasonably should have expected that the state investigations would cause MetLife to alter its IBNR reserves" appears to be based on the same misleading allegation. (Opinion 21.)  Absent a well-pleaded allegation of an $80 million reserve shortfall, there is nothing in the Amended Complaint plausibly suggesting that MetLife should have anticipated that broader use of the DMF would have "a material

3

favorable or unfavorable impact on net sales or revenues or income from continuing operations." (*Id.* (quoting 17 C.F.R. § 229.303).)

Because the conclusion that MetLife's IBNR reserves and the multi-state investigations constituted actionable misstatements and omissions is based on a clear error of fact, the Court should dismiss the Section 11, 12(a)(2) and 15 claims as against all of the Defendants.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed with prejudice as against all of the Defendants.

Dated: New York, New York
       March 14, 2013

DEBEVOISE & PLIMPTON LLP

By:   /s/ Maeve L. O'Connor

Maeve L. O'Connor (*mloconnor@debevoise.com*)
Elliot Greenfield (*egreenfield@debevoise.com*)
Anna A. Moody (*amoody@debevoise.com*)

919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

*Attorneys for Defendants MetLife, Inc., C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Steven A. Kandarian, William J. Mullaney, Sylvia Matthews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang*

| | |
|---|---|
| Dated: New York, New York<br>March 14, 2013 | DLA PIPER LLP (US)<br><br>By: ___/s/ Timothy E. Hoeffner_____<br><br>Timothy E. Hoeffner (*timothy.hoeffner@dlapiper.com)*<br>John J. Clarke, Jr. (*john.clarke@dlapiper.com*)<br>Constance Tse (*constance.tse@dlapiper.com*)<br><br>1251 Avenue of the Americas<br>New York, New York 10020-1104<br>Tel: (212) 335-4500<br>Fax: (212) 335-4501<br><br>*Attorneys for Defendants Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Goldman, Sachs & Co., HSBC Securities (USA) Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated and Wells Fargo Securities, LLC* |