**E<span>XHIBIT</span> D**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NECA-IBEW PENSION TRUST FUND, et ano.,

                Plaintiffs,

-against-                                      10 Civ. 0440 (LAK)

BANK OF AMERICA CORPORATION, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

        Magistrate Judge Henry B. Pitman, in a report and recommendation dated February 9, 2012 (the "R&R"), recommended that the Court grant the motions of (1) the Bank of America defendants to dismiss the first amended complaint, and (2) the Underwriter Defendants to dismiss Counts 1 and 2 of the same pleading. He further recommended that the denial be without prejudice to a motion by plaintiffs for leave to amend.

        Plaintiffs object, arguing principally that the R&R "confounded" (presumably meaning conflated) pleading requirements applicable to Securities Act claims and fraud claims under the Securities Exchange Act and that it improperly concluded that the pleading alleged only fraud by hindsight. These contentions are baseless, so much so that little need be added to the R&R. I write, however, to make one point entirely clear.

        Unlike claims under Section 10(b) of the Exchange Act, a legally sufficient claim under Section 11 or 12 of the Securities Act does not inherently require pleading or proof that a materially false statement was made with knowledge of falsity or in reckless disregard of its truth. Where, however, the statement complained of is one of opinion or belief, the truth of the statement depends upon whether its maker actually held the opinion or belief or, instead, falsely represented that he or she did. Thus, as both this Court and the Second Circuit repeatedly have held in virtually identical cases, Securities Act Section 11 and 12 claims premised on statements of opinion or belief are not actionable in the absence of legally sufficient allegations that the maker, at the time the statements were made, did not in fact entertain the opinions or hold the belief upon which the claims are based. That is so not because there is a *scienter* requirement under the Securities Act, but because a statement of opinion or belief is not inherently true or false – it is true or false only to the extent that it misrepresents the speaker's state of mind. *See generally Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011); *In re Lehman Bros. Sec. & ERISA Litig.*, 684 F. Supp. 2d 485 (S.D.N.Y. 2010).

        To a very large extent, this complaint complains of statements of belief and omissions, the truth or falsity of which depends upon what view the maker held at the time they occurred, e.g., the adequacy of loan loss reserves and pre-acquisition due diligence, the value of instruments not traded on efficient markets and for which valuation therefore was a matter of opinion, the proper amounts of reserves,

2

whether Bank of America was well capitalized, capital and leverage ratios that depended upon valuation of instruments not traded on efficient markets, the adequacy of internal controls, and so on. But there is nothing in the complaint that suggests that Bank of America did not, at the times relevant to the issue of the truth or falsity of its statements, actually hold the opinions and beliefs in question. To the contrary, the complaint affirmatively disclaims any assertion of fraud. Thus, there is no legally sufficient basis for concluding that the complaint adequately alleges that any of the statements of belief and omissions complained of, the truth or falsity of which depended upon the beliefs of the maker at the time they occurred, was false.

The Court is entirely aware of the widespread dissatisfaction with many entities in the financial services industry, the activities of which are thought by many needlessly to have caused or contributed to the financial meltdown that has resulted in so much harm. In order for a case like this to proceed, however, a plaintiff must allege that a defendant's disclosure "contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." *E.g.,* 15 U.S.C. § 77k(a). Statements of opinion and belief are representations of the speaker's state of mind. In the absence of evidence permitting a conclusion that the speaker did not in fact believe them at the time they were made, such statements may be mistaken, wrongheaded, or at odds with the views of others. But they are not untrue statements of fact. They simply do not give rise to a legally sufficient claim for relief.

So far as the request for leave to amend is concerned, plaintiffs argue that they should be afforded the opportunity, unconditionally, to file any amended complaint they see fit in the event the motions to dismiss are granted. They are mistaken. The point in any case now is academic, as they yesterday moved for leave to file a second amended complaint, which the defendants are free to oppose, should they wish to do so, on the ground that the proposed amendment would be futile.

I have considered all of plaintiffs' objections to the R&R. They are overruled.

The defendants' motions to dismiss [DI 26, DI 29] are granted in all respects.

SO ORDERED.

Dated: March 16, 2012

_____
Lewis A. Kaplan
United States District Judge