

# FRANK & BIANCO LLP

**ATTORNEYS AT LAW**

5 MADISON AVENUE
SUITE 801
NEW YORK, N.Y. 10016
212 682 1818
212 682 1892 FAX

info@frankandbianco.com
www.frankandbianco.com

September 27, 2013

**BY E-MAIL**

The Honorable Robert P. Patterson
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan
    United States Courthouse
Courtroom 24A
500 Pearl Street
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/13

      **Re:**   *Kleen Products, LLC, et al. v. Packaging Corp. of American, et al.*, No. 1:12-mc-00256

Dear Judge Patterson:

We represent Plaintiffs in the above-referenced matter. I am writing in response to The Levin Group's ("TLG") September 25, 2013 letter to the Court, in which TLG requests $55,000 (or 110 billed hours at $500 per hour) for separating its own e-mails on relevance grounds. TLG's position is manifestly unreasonable because: (i) the 110 hours purportedly spent by TLG is more than two and half times its own initial estimate; (ii) TLG's failure to record and keep contemporaneous time records of its work in this matter calls into question the accuracy of its demand herein; and (iii) the mundane task of *separating* e-mails based on relevance is normally accomplished by a junior contract attorney at minimal cost.

    1.   TLG's Request is Grossly Disproportionate to Its Prior Estimations

TLG's request of $55,000 (encompassing 110 hours of work) is more than double its prior estimations for doing the exact same work. As evidenced by TLG's November 7, 2012 letter to the Court, TLG predicted the cost would not likely exceed $15,000, which, at the then-offered rate of $350, required 43 hours of work.[1] Such a massive increase *alone* calls into question the veracity and fairness of TLG's present request.

---

[1] TLG now references this as a settlement offer, but it was made during discussions concerning rates before substantial work had been done. Therefore, it must have been a reasonable estimation by TLG because it makes no sense that TLG would agree to do 66 hours of free labor.

# FRANK & BIANCO LLP

Hon. Robert P. Patterson
September 27, 2013
Page | 2

2. The Accuracy of TLG's Submitted Request Is Questionable

TLG's counsel has refused to produce (or worse, does not have) contemporaneous time records for TLG's work on this matter. Instead, TLG's counsel has asserted that TLG "tallied," at some unidentified time, its hours spent separating relevant documents. *See* Exhibit A. TLG's failure to maintain, or refusal to disclose, contemporaneous time records is particularly disturbing considering that Mr. Levin is a former attorney himself.

In addition, the *roundness* of the hours "tallied" is striking, with Mr. Levin asserting he spent exactly 80 hours, and that Mr. Hwang spent exactly 30 hours.[2] Given the already stark increase in time spent and the apparent lack of contemporaneous timekeeping, the roundness of the numbers is yet more evidence questioning the accuracy of TLG's numbers.

3. TLG's Hourly Rate Request Is Unreasonable

A rate of $500 per hour for the uncomplicated task of separating internal e-mail on relevance grounds is wholly unwarranted. As such, Plaintiffs and the Class should not be required to pay such an extraordinary rate because TLG made the unilateral decision—over Plaintiffs' objection—to have Messrs. Levin and Hwang perform the review at issue.

Moreover, on numerous occasions, Plaintiffs offered to pay for contract attorneys to perform the relevance review herein.[3] Indeed, Plaintiffs specifically warned TLG's counsel that it would not pay more than the industry standard for a straightforward relevance review. Plaintiffs' position was rejected by TLG.

### Conclusion

The Class has already paid $9,715.02 for TLG's out-of-pocket expenses.[4] And, from the beginning, Plaintiffs have proposed several far less expensive methods for conducting the

---

[2] After Plaintiffs requested contemporaneous time records, TLG increased its time spent to 83 hours for Mr. Levin and 32 hours for Mr. Hwang. *See* Exhibit A. TLG provided no explanation as to why it simply removed 5 hours of work, worth $2,500 according to TLG. Regardless, these numbers are similarly round. And, at a rate of $50 for every 6 minutes, it is unfair to the Class that TLG's work was not kept to the tenth of an hour, which is customary at the level of hourly rate sought. As such, Plaintiffs believe this is further evidence of TLG's imperfect record keeping and the inaccuracy of its request.

[3] *See* Plaintiffs' letter to the Court on November 9, 2012 (pointing out that the reviewer does not need to have a masterful understanding of the claims and defenses in the underlying action, she need only look at the e-mails to see whether they fall within one of the few categorical exclusions).

[4] Plaintiffs paid, in full, TLG's production costs to its vendor, vDiscovery, in July 2013.

# FRANK & BIANCO LLP

Hon. Robert P. Patterson
September 27, 2013
Page | 3

relevance review.[5]  For all the reasons set forth above. Plaintiffs propose a fee of no more than $10.000.

Respectfully Submitted,

Gregory A. Frank

Cc: Netra Sreeprakash, counsel for TLG

---

[5]  Plaintiffs had offered to have their own attorneys conduct the relevance review, as TLG is fully protected by the Northern District of Illinois Court's protective Order in this action, or to pay the cost of contract attorneys of TLG's choosing, which is standard practice in actions such as this one.

Exhibit A

**Gregory Frank**

| | |
|---|---|
| From: | Netra Sreeprakash [NSreeprakash@kkwc.com] |
| Sent: | Thursday, September 26, 2013 11:37 AM |
| To: | Gregory Frank |
| Cc: | 'Ben Bianco'; Norris Wolff |
| Subject: | RE: Kleen Products v. Packaging Corp. of America, No. 12-MC-00256 (RPP) |

Greg,

Mr. Levin tallied the number of hours that he and Mr. Hwang spent separating the categorically excluded documents from the other documents. The total number of hours was in fact greater than the figures set forth in the invoice (83 hours for Mr. Levin and 32 hours for Mr. Hwang), but to be conservative, Mr. Levin rounded the numbers down. Together, Mr. Levin and Mr. Hwang spent in excess of 110 hours to review and categorize more than 14,000 emails, plus the attachments to those emails, which generally took longer to review than the emails themselves, and other documents, resulting in the production of nearly 17,000 documents, consisting of nearly 82,000 pages. No third party could have processed these documents by category, as they lacked sufficient knowledge of the underlying facts. No third party could have reviewed the documents in comparable time, due to lack of familiarity with the underlying events. Nor could a third party have completed the gargantuan task in the extremely tight deadlines that Plaintiffs sought to impose. And the fact that Plaintiffs have not communicated with The Levin Group, L.P. ("TLG") or its counsel for six months concerning TLG's productions and logs indicates that Plaintiffs were satisfied with the discovery provided.

The judicial order did not require that documentation of time spent be logged in any particular way—it specified only that Plaintiffs would "compensate TLG at the agreed upon rate for the time required to separate the categorically excluded documents . . . ."

Regards,

Netra

**From:** Gregory Frank [mailto:gfrank@frankandbianco.com]
**Sent:** Wednesday, September 25, 2013 5:04 PM
**To:** Netra Sreeprakash
**Cc:** Norris Wolff; 'Ben Bianco'
**Subject:** RE: Kleen Products v. Packaging Corp. of America, No. 12-MC-00256 (RPP)

Netra,

Your letter includes only a summary of the time William Levin and Chang Hwang spent separating the documents. So that we may properly respond, please immediately furnish TLG's contemporaneous time records logging the time spent and description of tasks. We need the records by tomorrow at noon, so that we may properly respond by tomorrow afternoon.

Greg

Gregory A. Frank
**FRANK & BIANCO LLP**
275 Madison Avenue, Suite 801
New York, NY 10016
212 682 1818
www.frankandbianco.com

1

The information contained in this email is PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. Frank & Bianco LLP will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy all hard copies of it and please notify the sender immediately by telephone or by return email. Thank you.

**From:** Netra Sreeprakash [mailto:NSreeprakash@kkwc.com]
**Sent:** Wednesday, September 25, 2013 4:10 PM
**To:** Robert_Monteagudo@nysd.uscourts.gov
**Cc:** Gregory Frank (gfrank@frankandbianco.com); 'bbianco@frankandbianco.com' (bbianco@frankandbianco.com); Norris Wolff
**Subject:** Kleen Products v. Packaging Corp. of America, No. 12-MC-00256 (RPP)

Dear Mr. Monteagudo,

Please find attached the letter update you requested.  Please let us know if we can assist with anything else.

Respectfully submitted,

Netra Sreeprakash


Netra Sreeprakash
**KLEINBERG | KAPLAN | WOLFF | COHEN**
551 Fifth Avenue  New York  NY  10176
Direct  212 880 9876 | Fax  212 986 8866
nsreeprakash@kkwc.com
www.kkwc.com

.................................................................................
CONFIDENTIALITY NOTICE:
This email together with any attachments is confidential, intended for only the recipient(s) named above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this email in error, or are not the named recipient(s), you are hereby notified that any use, dissemination, distribution or copying of this email or any attachments is strictly prohibited. Please immediately notify the sender at postmaster@kkwc.com and delete this email and any attachments from your computer. You should not retain, copy or use this email or any attachments for any purpose, or disclose all or any part of the contents to any person.

Thank You.

Kleinberg, Kaplan, Wolff & Cohen, P.C. reserves the right to monitor all email communications through its networks.

For additional information about Kleinberg, Kaplan, Wolff & Cohen, P.C., including a list of attorneys, please see our website at www.kkwc.com.