UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

CITY OF WESTLAND POLICE AND FIRE   :   Civil Action No. 1:12-cv-00256-LAK
RETIREMENT SYSTEM, Individually and on   :
Behalf of All Others Similarly Situated,   :   CLASS ACTION
    :
               Plaintiff,   :   LEAD PLAINTIFF'S MEMORANDUM OF
    :   LAW IN SUPPORT OF RENEWED
     vs.   :   MOTION FOR APPROVAL OF NOTICE OF
    :   PROPOSED SETTLEMENT TO THE
METLIFE INC., et al.,   :   CLASSES
    :
             Defendants.   :
    :

——————————————————— x

# TABLE OF CONTENTS

**Page**

I.    HISTORY OF THE LITIGATION ..................................................................4

    A.    Procedural Overview .............................................................................4

II.    THE SETTLEMENT TERMS.....................................................................5

III.    ISSUANCE OF THE NOTICE ORDER WILL ALLOW LEAD PLAINTIFF TO NOTIFY THE CLASSES ......................................................................7

    A.    The Rule 23(e)(2) Factors Are Satisfied ..............................................9

        1.    Lead Plaintiff and Lead Counsel Have Adequately Represented the Classes....................................................................9

        2.    The Proposed Settlement Is the Result of Good-Faith, Arm's-Length Negotiations...............................................................10

        3.    The Relief Provided by the Settlement Is Adequate When Weighed Against the Risks of Litigation ..................................11

        4.    The Proposed Method for Distributing Relief Is Effective........12

        5.    Lead Counsel's Fee and Expense Request Is Fair and Reasonable ..........13

        6.    All Class Members Are Treated Equitably Relative to Each Other ..........14

    B.    The Proposed Settlement Meets the *Grinnell* Factors ............................15

        1.    The Complexity, Expense, and Likely Duration of the Litigation Supports Approval of the Settlement...........................................15

        2.    The Reaction of the Classes to the Settlement...........................16

        3.    The Stage of the Proceedings....................................................16

        4.    The Risk of Establishing Liability and Damages ......................16

        5.    The Risks of Maintaining the Class Action Through Trial.......17

        6.    The Ability of Defendants to Withstand a Greater Judgment....................17

        7.    The Reasonableness of the Settlement in Light of the Best Possible Recovery and the Attendant Risks of Litigation........................17

- i -

**Page**

IV.    NOTICE TO THE CLASSES SHOULD BE APPROVED ...............................................18

V.    PROPOSED SCHEDULE OF SETTLEMENT EVENTS ................................................19

VI.    CONCLUSION....................................................................................................................20

4817-5033-2347.v2

# TABLE OF AUTHORITIES

**Page**

## CASES

*Christine Asia Co., Ltd., et al. v. Jack Yun Ma, et al.*,
No. 1:15-md-02631, slip op. (S.D.N.Y. Oct. 16, 2019)............................................13

*City of Austin Police Ret. Sys. v. Kinross Gold Corp.*,
No. 1:12-cv-01203-VEC, 2015 WL 13639234
(S.D.N.Y. Oct. 19, 2015) ...........................................................................................14

*City of Providence v. Aeropostale, Inc.*,
No. 11 Civ. 7132(CM)(GWG), 2014 U.S. Dist. LEXIS 64517
(S.D.N.Y. May 9, 2014),
*aff'd sub nom. Arbuthnot v. Pierson*, 607 F. App'x 73 (2d Cir. 2015)....................11

*D'Amato v. Deutsche Bank*,
236 F.3d 78 (2d Cir. 2001)..........................................................................................17

*Deangelis v. Corzine*,
151 F. Supp. 3d 356 (S.D.N.Y. 2015)...........................................................................7

*Detroit v. Grinnell Corp.*,
495 F.2d 448 (2d Cir. 1974)..........................................................................8, 9, 15, 16

*Dover v. British Airways, PLC (UK)*,
No. 12CV5567 (RJD)(CLP), 2018 U.S. Dist. LEXIS 174513
(E.D.N.Y. Oct. 9, 2018) ................................................................................................8

*Frank v. Eastman Kodak Co.*,
228 F.R.D. 174 (W.D.N.Y. 2005)................................................................................17

*Hicks v. Morgan Stanley & Co.*,
No. 01 Civ. 10071 (RJH), 2005 U.S. Dist. LEXIS 24890
(S.D.N.Y. Oct. 24, 2005) .............................................................................................15

*In re "Agent Orange" Prod. Liab. Litig.*,
597 F. Supp. 740 (E.D.N.Y. 1984),
*aff'd*, 818 F.2d 145 (2d Cir. 1987) .............................................................................17

*In re Alloy, Inc. Sec. Litig.*,
No. 03 Civ. 1597 (WHP), 2004 U.S. Dist. LEXIS 24129
(S.D.N.Y. Dec. 2, 2004)...............................................................................................15

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
No. 02 Civ. 5575 (SWK), 2006 U.S. Dist. LEXIS 17588
(S.D.N.Y. Apr. 6, 2006)..........................................................................................15, 18

4817-5033-2347.v2

**Page**

*In re Bear Stearns Cos.*,
909 F. Supp. 2d 259 (S.D.N.Y. 2012)....................................................................................10

*In re BHP Billiton Sec. Litig.*,
No. 1:16-cv-01445-NRB, 2019 U.S. Dist. LEXIS 63598
(S.D.N.Y. Apr. 10, 2019),
*aff'd sub nom., City of Birmingham Ret. & Relief Sys. v. Davis*,
2020 U.S. App. LEXIS 8136 (2d Cir. 2020) ...........................................................13

*In re Glob. Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ...............................................................9, 16, 17

*In re Indep. Energy Holdings PLC Sec. Litig.*,
No. 00 Civ. 66 89 (SAS), 2003 U.S. Dist. LEXIS 17090
(S.D.N.Y. Sept. 29, 2003).........................................................................................18

*In re Initial Pub. Offering Sec. Litig.*,
243 F.R.D. 79 (S.D.N.Y. 2007) ..................................................................................9

*In re Intercept Pharms, Inc. Sec. Litig.*,
No. 1:14-cv-01123-NRB, 2016 U.S. Dist. LEXIS 138413
(S.D.N.Y. Sept. 8, 2016)...........................................................................................14

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
330 F.R.D. 11 (E.D.N.Y. 2019) ...............................................................................8, 9

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
163 F.R.D. 200 (S.D.N.Y. 1995) ................................................................................7

*In re Vitamin C Antitrust Litig.*,
No. 06-MD-1738 (BMC) (JO), 2012 U.S. Dist. LEXIS 152275
(E.D.N.Y. Oct. 23, 2012) ..........................................................................................17

*In re Warner Chilcott Ltd. Sec. Litig.*,
No. 06 Civ. 11515 (WHP), 2008 U.S. Dist. LEXIS 99840
(S.D.N.Y. Nov. 20, 2008) ..........................................................................................19

*Landmen Partners v. Blackstone Grp.*,
No. 08-cv-03601-HB-FM, 2013 WL 11330936
(S.D.N.Y. Dec. 18, 2013)...........................................................................................13

*Newman v. Stein*,
464 F.2d 689 (2d Cir. 1972).......................................................................................17

4817-5033-2347.v2

Page

*Pantelyat v. Bank of Am., N.A.*,
No. 16-cv-8964 (AJN), 2019 U.S. Dist. LEXIS 15714
(S.D.N.Y. Jan. 31, 2019)..................................................................................................11

*Parchmann v. MetLife, Inc., et al.*,
No. 1:18-cv-00780-SJ-RLM (E.D.N.Y.) ..............................................................................7

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
396 F.3d 96 (2d Cir. 2005)......................................................................................7, 10, 19

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§77k..................................................................................................................................4
§77l(a)(2) ..........................................................................................................................4
§77o..................................................................................................................................4
§77z-1(a)(4) ....................................................................................................................14
§78j(b)..............................................................................................................................4
§78t(a)..............................................................................................................................4
§78u-4(a)(4) ....................................................................................................................14

Federal Rules of Civil Procedure
Rule 23........................................................................................................................3, 19
Rule 23(a)(2) ....................................................................................................................3
Rule 23(e)................................................................................................................7, 8, 9
Rule 23(e)(1)............................................................................................................1, 3, 8
Rule 23(e)(2)..............................................................................................................8, 9
Rule 23(e)(2)(C)(i)....................................................................................................15, 16
Rule 23(e)(2)(D) ............................................................................................................14
Rule 23(e)(3)....................................................................................................................8

Lead Plaintiff Central States, Southeast and Southwest Areas Pension Fund respectfully presents to the Court the proposed Settlement between Lead Plaintiff, on behalf of itself and the Classes, and Defendants MetLife, Inc. ("MetLife" or the "Company"), C. Robert Henrikson, William J. Wheeler, Peter M. Carlson, Steven A. Kandarian, William J. Mullaney, Sylvia Mathews Burwell, Eduardo Castro-Wright, Cheryl W. Grisé, R. Glenn Hubbard, John M. Keane, Alfred F. Kelly, Jr., James M. Kilts, Catherine R. Kinney, Hugh B. Price, David Satcher, Kenton J. Sicchitano and Lulu C. Wang (the "Individual Defendants" and with MetLife, the "MetLife Defendants"), Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Goldman Sachs & Co. LLC, HSBC Securities (USA) Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated and Wells Fargo Securities, LLC (the "Underwriter Defendants," and with the MetLife Defendants, "Defendants") (and together with Lead Plaintiff, the "Parties"),[1] and moves for an order approving the form and manner of the settlement notices to Members of the Classes, and the scheduling of a hearing (the "Final Approval Hearing" or "Settlement Hearing") on the final approval of the Settlement, proposed Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and litigation expenses.[2]  The Parties' agreed-upon proposed Order Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Classes (the "Notice Order") is filed herewith.

---

[1]   As detailed more fully below, with certain enumerated exclusions, the "Classes" consist of all Persons who purchased or acquired MetLife common stock in the Company's August 3, 2010 Offering at $42.00 per share or the Company's March 4, 2011 Offering at $43.25 per share (the "1933 Act Class") and all persons or entities who purchased or otherwise acquired MetLife common stock between February 9, 2011 after the publication of MetLife's fourth quarter and full year 2010 results, and October 6, 2011, inclusive, and who were damaged by certain Defendants' alleged violations of the Securities Exchange Act of 1934 (the "1934 Act Class").

[2]   In light of conditions resulting from the COVID-19 pandemic, the Settlement Hearing may be conducted remotely.  *See* Emergency Supplement to Individual Rules, dated March 16, 2020.  If the Settlement Hearing is held telephonically, instructions concerning how Class Members can participate by telephone will be posted on the Settlement website.  *See also In re Deutsche Bank AG Securities Litig.*, Master File No. 1:09-cv-01714-GHW-RWL (S.D.N.Y. May 12, 2020) (Order

- 1 -

## PRELIMINARY STATEMENT

After eight years of vigorous litigation, Lead Plaintiff and Defendants have negotiated, at arm's length and with the assistance of an experienced and neutral mediator, a proposed settlement of all claims in this Litigation for $84 million in cash.  This resolution, which represents a substantial recovery that falls well within the range of possible approval, follows an extensive factual investigation, motion practice, fact and expert discovery, summary judgment, motions to exclude experts, entry of a pretrial order, and three formal mediation sessions involving rigorous and extensive negotiations.  The terms of the Settlement are set forth in the Stipulation of Settlement ("Stipulation"), filed herewith.[3]

Lead Plaintiff and Lead Counsel approve of the Settlement.  Lead Plaintiff is an institutional investor which actively participated in and oversaw the Litigation and authorized the Settlement. Lead Counsel has substantial securities litigation experience and is recognized as a leader in the field.  Based upon their experience and evaluation of the facts and the applicable law, Lead Counsel and Lead Plaintiff submit that the proposed Settlement is fair, reasonable and adequate, and is in the best interest of the Classes.  This is especially so in light of the risk that the Classes might recover substantially less (or nothing) if the action were litigated through dispositive motions, trial, and the likely post-trial motions and appeals that would follow (a process that could last several more years). Indeed, Lead Plaintiff faced significant risks with regard to establishing liability and damages, including the risk that Defendants' motions for summary judgment would be successful, and that

---

Providing that Settlement Hearing Scheduled for June 11, 2020 Be Conducted Telephonically (ECF No. 318).

[3]   Unless otherwise stated or defined, all capitalized terms used herein shall have the meanings provided in the Stipulation.  All emphasis is added and all citations are omitted unless otherwise noted.

- 2 -

Lead Plaintiff's experts would be precluded from testifying at trial. Given these and other risks inherent in this complex securities class action, and the Settlement's substantial value, the Settlement represents a very good result for the Classes.

At this stage, the Court need only determine that it will "likely" be able to approve the proposal under Rule 23(a)(2) (*See* Fed. R. Civ. P. 23(e)(1)) such that the Classes should be notified of the proposed Settlement. In light of the substantial recovery obtained, and the risks and expenses posed by a trial of this case, Lead Plaintiff respectfully requests that the Court enter the Notice Order, which will, among other things:

> (i)     approve the form and content of the Notice and Summary Notice attached as Exhibits 1 and 3 to the Notice Order;
>
> (ii)    find that the procedures for distribution of the Notice and publication of the Summary Notice in the manner and form set forth in the Notice Order constitute the best notice practicable under the circumstances, and comply with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and
>
> (iii)   set a schedule and procedures for: disseminating the Notice and publication of the Summary Notice; objecting to the Settlement, the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and litigation expenses; submitting papers in support of final approval of the Settlement; and the Settlement Hearing.

As shown below, Lead Plaintiff and Lead Counsel believe that the proposed Settlement represents an exceptional result for the Classes warranting this Court's entry of the Notice Order.

- 3 -

I.    **HISTORY OF THE LITIGATION**

A.    **Procedural Overview**

The initial complaint in this action was filed on January 12, 2012.  On March 29, 2012, the Court entered an order appointing Lead Plaintiff and approving its selection of Lead Counsel.  Lead Plaintiff alleges violations of federal securities laws, specifically §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act").

Between March 2, 2017 and May 9, 2019, Lead Plaintiff obtained over 837,000 pages of documents from Defendants and non-parties, and took 10 fact depositions over 12 days.  The Parties designated experts, exchanged reports and conducted 3 expert depositions.

On September 22, 2017, the Court granted Lead Plaintiff's motion to certify the 1933 Act Class for the reasons set forth in Magistrate Judge Peck's August 22, 2017 Report and Recommendation granting Lead Plaintiff's motion to certify the 1933 Act Class.  On January 7, 2019, the Court entered the Lead Plaintiff and the MetLife Defendants' stipulation for certification of the 1934 Act Class.  Notice of the Pendency of the Litigation was provided to the 1933 Act Class and the 1934 Act Class in June 2019.

On February 1, 2019, Lead Plaintiff filed a motion for summary judgment for claims brought under the 1933 Act, and moved to exclude the testimony of three of Defendants' experts.  On the same day, the MetLife Defendants and the Underwriter Defendants each filed a motion for summary judgment.  The MetLife Defendants also filed motions to exclude two of Lead Plaintiff's experts, while the Underwriter Defendants separately moved to exclude the testimony of another of Lead Plaintiff's experts.  On March 1, 2019, the Parties opposed each other's respective motions filed on

- 4 -

February 1, 2019, and filed reply briefs on April 5, 2019.  On August 5, 2019, the Court denied without prejudice the motions to exclude expert witness testimony.

On May 6, 2019, the Parties filed a proposed joint pretrial order, which was entered by the Court on May 9, 2019, and modified on June 28, 2019.

On June 17, 2019, the Court approved the method of providing the Notice of Pendency of Class Action.  The Notice of Pendency disclosed the rights of Members of the Classes to exclude themselves from the Classes, as well as the deadline and procedure for doing so, and warned of the finding effect on Members of the Classes who did not exclude themselves.  No requests for exclusions were submitted.

In an effort to resolve the Litigation, the Parties engaged the services of the Hon. Layn R. Phillips (Ret.), a nationally-recognized mediator and former federal district court judge, and at various times during the Litigation met with Judge Phillips.  The Parties participated in in-person mediation sessions with Judge Phillips on March 9, 2017, February 2, 2018 and September 9, 2019. Ultimately, these efforts culminated with the Parties agreeing to settle the Litigation for $84,000,000, subject to the negotiation of the terms of a Stipulation of Settlement and approval by this Court.  The Stipulation (together with the Exhibits thereto) which is submitted herewith, reflects the final and binding agreement between the Parties.

## II.    THE SETTLEMENT TERMS

The Settlement provides that MetLife, on behalf of all Defendants, will pay or cause to be paid $84 million into the Escrow Account, which amount plus accrued interest comprises the Settlement Fund.   Stipulation, ¶¶2.1-2.3.   Notice to the Classes and the cost of settlement administration ("Notice and Administration Expenses") will be funded by the Settlement Fund.  *Id.*, ¶2.8.  Lead Plaintiff proposes that Gilardi & Co. LLC ("Gilardi"), a nationally-recognized class

- 5 -

action settlement administrator and which was appointed by the Court to provide the Notice of Pendency, be retained here to provide notice and administration services subject to the Court's approval.

The Notice provides that Lead Counsel will submit an application, in support of final approval of the Settlement, for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount and litigation expenses in an amount not to exceed $2,500,000, plus interest accrued on both amounts at the same rate as earned by the Settlement Fund.[4]  The Notice further explains that such fees and expenses shall be paid from the Settlement Fund.

Once Notice and Administration Expenses, Taxes, Tax Expenses, Court-approved attorneys' fees and expenses, and any award to Lead Plaintiff in connection with its representation of the Classes have been paid from the Settlement Fund, the remaining amount – the Net Settlement Fund – shall be distributed pursuant to the Court-approved Plan of Allocation to Authorized Claimants who are entitled to a distribution of at least $10.  Any amount remaining following the distribution shall be redistributed in an economically feasible manner.  The Plan of Allocation treats all Class Members equitably based on the timing of their MetLife common stock purchases, acquisitions, and sales.  The proposed Plan of Allocation, which is set forth in the Notice, is comparable to plans of allocation approved in numerous other securities class actions.

In exchange for the benefits provided under the Stipulation, Class Members will release the "Released Claims," which include:

> any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, whether class or individual in nature, that the Lead Plaintiff or any Member of the Classes asserted or could have asserted in the Litigation, which arise out of, are based

---

[4]    In accordance with the PSLRA, Lead Counsel may also apply for the reimbursement of the costs and expenses of Lead Plaintiff directly related to its representation of the Classes.

upon, or relate in any way, directly or indirectly, to both (a) the purchase, acquisition, transfer, holding, ownership, disposition or sale of MetLife common stock purchased or otherwise acquired in the Offerings or during the 1934 Act Class Period, by any Member of the Classes, and (b) any disclosures, public filings, registration statements, or other statements by any Defendant or their respective Related Parties that relate in any way, directly or indirectly, to any facts, matters, allegations, transactions, events, occurrences, representations, disclosures, statements, acts or omissions set forth, alleged or could have been alleged by Lead Plaintiff or any Member of the Classes in the Litigation.  "Released Claims" does not include claims to enforce the Settlement, or any derivative or ERISA claims.  For the avoidance of doubt, Released Claims also does not include the claims asserted in the litigation captioned *Parchmann v. MetLife, Inc., et al*., No. 1:18-cv-00780-SJ-RLM (E.D.N.Y.).  "Released Claims" includes "Unknown Claims" as defined in ¶1.32 of the Stipulation.

The proposed $84 million Settlement is an exceptional recovery on the claims asserted in this Litigation, and is in all respects fair, adequate, reasonable, and in the best interests of the Classes.

## III.    ISSUANCE OF THE NOTICE ORDER WILL ALLOW LEAD PLAINTIFF TO NOTIFY THE CLASSES

In the Second Circuit, there is a "'strong judicial policy in favor of settlements, particularly in the class action context.'"  *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005); *see also In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) ("It is well established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions.").

Federal Rule of Civil Procedure 23(e) requires judicial approval of a class action settlement. Fed. R. Civ. P. 23(e) ("The claims . . . [of] a class proposed to be certified for purposes of settlement . . . may be settled . . . only with the court's approval.").  The approval process typically takes place in two stages.  In the first stage, a court authorizes notice of the settlement be given to the class.  *See Deangelis v. Corzine*, 151 F. Supp. 3d 356, 357 (S.D.N.Y. 2015).  That is what Lead Plaintiff seeks via this motion.  In the second stage, which will come only if the Court grants this motion, "the court holds a fairness hearing 'to determine whether the settlement's terms are fair, adequate, and

reasonable.'"  *Dover v. British Airways, PLC (UK)*, No. 12CV5567 (RJD)(CLP), 2018 U.S. Dist. LEXIS 174513, at *8 (E.D.N.Y. Oct. 9, 2018).

Pursuant to recently amended Rule 23(e)(1), providing notice of a proposed settlement is appropriate where "'the parties . . . show[] that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.'" *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 28 (E.D.N.Y. 2019).  Rule 23(e)(2), which governs final approval, identifies factors that courts must consider in determining whether a class action settlement is "fair, reasonable, and adequate," including whether:

    A.     the class representatives and class counsel have adequately represented the class;

    B.     the proposal was negotiated at arm's length;

    C.     the relief provided for the class is adequate, taking into account:

          (i)     the costs, risks, and delay of trial and appeal;

          (ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

          (iii)     the terms of any proposed award of attorney's fees, including timing of payment; and

          (iv)     any agreement required to be identified under Rule 23(e)(3);[5] and

    D.     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Overlapping with the factors listed in Rule 23(e) are the nine so-called *Grinnell* factors identified by the Second Circuit that district courts should consider in deciding whether to grant final

---

[5]    There are no such agreements here.

approval of a class action settlement: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). The Rule 23(e) factors are not intended to "displace" any previously adopted factors, but "rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Advisory Committee Notes to the 2018 Amendments to the Federal Rules of Civil Procedure; *Payment Card*, 330 F.R.D. at 29. Likewise, "[i]n finding that a settlement is fair, not every factor must weigh in favor of settlement, 'rather the court should consider the totality of these factors in light of the particular circumstances.'" *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 456 (S.D.N.Y. 2004).

Here, Lead Plaintiff is requesting that the Court take only the first step in the settlement approval process and order that notice of the proposed Settlement be given to the Classes. As stated above, the proposed Settlement provides a Settlement Amount of $84 million in cash, a substantial recovery that is unquestionably beneficial to the Classes, and plainly "'within the range of possible approval.'" *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007).

### A. The Rule 23(e)(2) Factors Are Satisfied

#### 1. Lead Plaintiff and Lead Counsel Have Adequately Represented the Classes

As discussed below, Lead Plaintiff's interests in this case are directly aligned with those of the other Class Members. Lead Plaintiff has demonstrated its ability and willingness to pursue the

Litigation on the Classes' behalf for the last eight years through its active involvement in the Litigation and in approving the Settlement.  Lead Plaintiff and its counsel faithfully and zealously advocated for the interests of MetLife shareholders and have obtained excellent results.  Lead Plaintiff's decision to settle this case was informed by a thorough investigation of the relevant claims; the filing of several detailed amended complaints; fact and expert discovery; retention of experts; briefing motions to dismiss, class certification and summary judgment as well as *Daubert* motions; pre-trial preparation; and participation in extensive, hard-fought mediation.  The Settlement is demonstrably the product of well-informed negotiations and vigorous advocacy on behalf of MetLife shareholders.  Accordingly, this factor weighs in favor of entering the Notice Order.

### 2. The Proposed Settlement Is the Result of Good-Faith, Arm's-Length Negotiations

Courts presume that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations between counsel.  *See Wal-Mart*, 396 F.3d at 116.  There can be no question that the proposed Settlement is the result of arms-length negotiation in which there is no hint of collusion.  As described above, the Settlement was reached only after extensive, arm's-length negotiations assisted by Judge Phillips, a nationally recognized mediator experienced in securities class actions.  *See, e.g.*, *In re Bear Stearns Cos.*, 909 F. Supp. 2d 259, 265 (S.D.N.Y. 2012) (approving settlement when parties "engaged in extensive arm's length negotiations, which included multiple sessions mediated by retired federal Judge Layn R. Phillips, an experienced and well-regarded mediator of complex securities cases").  After three in-person mediation sessions and follow-up negotiations through Judge Phillips, the Parties reached an agreement-in-principle to settle the Litigation.

In addition, the Parties and their counsel were knowledgeable about the strengths and weaknesses of the case prior to reaching an agreement to settle.  Lead Counsel conducted an

- 10 -

extensive investigation and the Parties vigorously litigated every aspect of the case over the past eight years, and were preparing for trial when the agreement-in-principle was reached.  There are over 390 docket entries.  Lead Plaintiff and Lead Counsel therefore had an adequate basis for assessing the strength of the Classes' claims and Defendants' defenses thereto when they agreed to the Settlement.

### 3.   The Relief Provided by the Settlement Is Adequate When Weighed Against the Risks of Litigation

In assessing a settlement, courts consider the range of reasonableness in light of both the best possible recovery and litigation risks, assessing "not whether the settlement represents the best possible recovery, but how the settlement relates to the strengths and weaknesses of the case." *City of Providence v. Aeropostale, Inc*., No. 11 Civ. 7132(CM)(GWG), 2014 U.S. Dist. LEXIS 64517, at *26 (S.D.N.Y. May 9, 2014), *aff'd sub nom. Arbuthnot v. Pierson*, 607 F. App'x 73 (2d Cir. 2015). A court need only determine whether the Settlement falls within a range of reasonableness that "'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Pantelyat v. Bank of Am., N.A.*, No. 16-cv-8964 (AJN), 2019 U.S. Dist. LEXIS 15714, at *22 (S.D.N.Y. Jan. 31, 2019).

If approved, the Settlement will provide Class Members with $84 million in cash, less reasonable attorneys' fees, litigation expenses, award to the Lead Plaintiff, Notice and Administration Expenses, Taxes, and Tax Expenses.  The amount obtained for the Classes represents an exceptional result for the Classes, particularly in light of Lead Plaintiff's estimated recoverable damages: $263 million.

Additionally, although Lead Plaintiff and Lead Counsel believe their case against Defendants is strong, they acknowledge that Defendants have put forth substantial arguments concerning liability and damages, specifically arguing that Lead Plaintiff will be unable to prove an actionable

- 11 -

omission and, in any event, that Lead Plaintiff could not establish damages as a result of the disclosure of the alleged omissions.  Defendants also argued that because the Court shorted the Class Period for Lead Plaintiff's 1934 Act claims, and because the MetLife Defendants could establish a lack of statistically significant price declines and therefore their negative causation defenses, damages were much lower than Lead Plaintiff had estimated.  If any of these arguments were to be accepted in whole or in part, it could eliminate or dramatically reduce any potential recovery.  And even if Lead Plaintiff prevailed at summary judgment and then trial, it would also have to prevail on the appeals that would likely follow.

The proposed Settlement balances the risks, costs, and delays inherent in complex securities class action cases such as this one.  When viewed in the context of these risks and the uncertainty of any later recovery from Defendants, the Settlement is extremely beneficial to the Classes.

### 4.      The Proposed Method for Distributing Relief Is Effective

The method and effectiveness of the proposed notice and claims administration process are effective.  Specifically, this includes well-established procedures for processing claims submitted by potential Class Members and efficiently distributing the Net Settlement Fund.  The notice plan includes direct mail notice to all those who can be identified with reasonable effort, supplemented by the publication of the Summary Notice in the national edition of *The Wall Street Journal* and once over a national newswire service.  Also, the website established for the Notice of Pendency will be updated to include the Stipulation, Notice, Proof of Claim, Notice Order, and all briefs and declarations submitted in support of the Settlement and the requested fees and expenses, and will provide the deadlines for claim submission and filing objections.

The claims process is also effective and includes a standard claim form that requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation.

- 12 -

The Plan of Allocation will govern how Class Members' claims will be calculated and how money will be distributed to Authorized Claimants. The Plan of Allocation was prepared with the assistance of Lead Counsel's damages expert and is based on Lead Plaintiff's theories of liability under the 1933 Act and the 1934 Act. The Plan of Allocation utilizes a methodology that is substantively the same as plans that have been approved and successfully used to allocate funds in other securities class actions.

Finally, Gilardi, the Claims Administrator selected by Lead Counsel subject to Court approval, will process claims, allow claimants an opportunity to cure any deficiencies in their claims or request the Court review denial of their claims, and will distribute the Net Settlement Fund pursuant to the Court-approved Plan of Allocation. Stipulation, ¶5.7. Thus, Lead Plaintiff proposes a thorough and comprehensive claims administrative process.

### 5. Lead Counsel's Fee and Expense Request Is Fair and Reasonable

As set forth in the Notice, Lead Counsel will apply for an award of attorneys' fees of up to 25% of the Settlement Amount, plus litigation expenses in an amount not to exceed $2,500,000 incurred in connection with the prosecution and resolution of this Litigation, plus interest on both amounts, to be paid at the time the Court makes its award. This request is reasonable and in line with, if not below, other recent fee awards in New York federal courts. *See, e.g.*, *Christine Asia Co., Ltd., et al. v. Jack Yun Ma, et al.*, No. 1:15-md-02631, slip op. (S.D.N.Y. Oct. 16, 2019) (awarded 25% fee plus expenses on $250 million settlement); *Landmen Partners v. Blackstone Grp.*, No. 08-cv-03601-HB-FM, 2013 WL 11330936, at *3 (S.D.N.Y. Dec. 18, 2013) (awarded 33-1/3 % fee plus expenses on $85 million settlement); *In re BHP Billiton Sec. Litig.*, No. 1:16-cv-01445-NRB, 2019 U.S. Dist. LEXIS 63598, at *3-*4 (S.D.N.Y. Apr. 10, 2019), *aff'd sub nom., City of Birmingham Ret. & Relief Sys. v. Davis*, 2020 U.S. App. LEXIS 8136 (2d Cir. 2020) (awarded fees of 30% of $50

- 13 -

million recovery, plus expenses); *In re Intercept Pharms, Inc. Sec. Litig.*, No. 1:14-cv-01123-NRB, 2016 U.S. Dist. LEXIS 138413, at *3 (S.D.N.Y. Sept. 8, 2016) (awarded 28.63% of $55 million recovery, plus expenses).[6]

Further, as explained in the Notice, Lead Plaintiff intends to request an award for reimbursement for its time and expenses in representing the Classes pursuant to 15 U.S.C. §77z-1(a)(4) and/or 15 U.S.C. §78u-4(a)(4).  *See, e.g.*, *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, No. 1:12-cv-01203-VEC, 2015 WL 13639234, at *4 (S.D.N.Y. Oct. 19, 2015) (awarding $16,800.11 to lead plaintiff and additional named lead plaintiff "to compensate them for their reasonable costs and expenses directly relating to their representation of the Class").

### 6. All Class Members Are Treated Equitably Relative to Each Other

Rule 23(e)(2)(D) requires courts to evaluate whether the settlement treats class members equitably relative to one another.  Here, the proposed Plan of Allocation is fair, reasonable, and adequate because it does not treat Lead Plaintiff or any other Class Member preferentially.  The Plan of Allocation, which is set out in the Notice, explains how the Settlement proceeds will be distributed among Authorized Claimants.  Each Authorized Claimant, including Lead Plaintiff, will receive a *pro rata* distribution pursuant to the Plan of Allocation.  Lead Plaintiff, just like all other Class Members, will be subject to the same formulas for distribution of the Settlement.

---

[6]   A motion for final approval of the Settlement and for attorneys' fees and expenses will be filed 35 days before the Settlement Hearing, and Lead Counsel will request that any fees awarded be paid when the Court executes the Judgment and order awarding such fees and expenses. *See* Stipulation, ¶6.2.

B.    **The Proposed Settlement Meets the *Grinnell* Factors**

1.    **The Complexity, Expense, and Likely Duration of the Litigation Supports Approval of the Settlement**

The first factor of the *Grinnell* analysis overlaps with the Rule 23(e)(2)(C)(i) factor of "the costs, risks, and delay of trial and appeal" addressed above.  Fed. R. Civ. P. 23(e)(2)(C)(i).  Courts have consistently recognized that the complexity, expense, and likely duration of the litigation are critical factors in evaluating the reasonableness of a securities class action settlement.  *See, e.g.*, *Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 10071 (RJH), 2005 U.S. Dist. LEXIS 24890, at *6 (S.D.N.Y. Oct. 24, 2005); *In re Alloy, Inc. Sec. Litig.*, No. 03 Civ. 1597 (WHP), 2004 U.S. Dist. LEXIS 24129, at *6 (S.D.N.Y. Dec. 2, 2004) (approving settlement, noting action involved complex securities fraud issues "that were likely to be litigated aggressively at substantial expense to all parties").

Class actions brought under the federal securities laws can be notoriously complex and expensive to prosecute, and this case underscores that reality.  *See, e.g.*, *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02 Civ. 5575 (SWK), 2006 U.S. Dist. LEXIS 17588, at *31 (S.D.N.Y. Apr. 6, 2006).  Indeed, this case involved complex legal and factual issues concerning Generally Accepted Accounting Principles, the adequacy of MetLife's incurred but not reported ("IBNR") reserves and its methodology for calculating such reserves, and regulatory investigations into the Company, whether the Individual Defendants acted with scienter, and whether the Underwriter Defendants adequately conducted their due diligence.

The trial of this action would have lasted several weeks, involved complicated facts, and been expensive.  No doubt an appeal would have followed, likely taking years to complete, regardless of the outcome.  Accordingly, this factor weighs strongly in favor of entry of the Notice Order.

- 15 -

### 2. The Reaction of the Classes to the Settlement

Lead Plaintiff has actively participated throughout the prosecution of the case and was intimately involved in the decision to enter into the Settlement. This factor is otherwise inapplicable as notice regarding the Settlement has not yet been mailed or otherwise distributed.[7]

### 3. The Stage of the Proceedings

The volume and substance of Lead Plaintiff's and its counsel's knowledge of the merits and potential weaknesses of the claims alleged are unquestionably adequate to support the proposed Settlement. Lead Plaintiff and Lead Counsel developed a deep understanding of the strengths and weaknesses of the claims after litigating this case for eight years. Lead Counsel conducted extensive document discovery, obtained class certification over vigorous opposition from Defendants on the 1933 Act claims, and briefed summary judgment motions. The Parties also briefed and opposed numerous *Daubert* motions. The accumulation of information resulting from this fact and expert discovery and trial preparation permitted Lead Plaintiff and its counsel to be particularly well-informed about the strengths and weaknesses of the case and to effectively engage in settlement discussions, supporting preliminary (and final) approval of the Settlement. *See Glob. Crossing*, 225 F.R.D. at 458 ("the question is whether the parties had adequate information about their claims").

### 4. The Risk of Establishing Liability and Damages

The fourth *Grinnell* factor is addressed above under Rule 23(e)(2)(C)(i) ("costs, risks, and delay of trial and appeal"). For the same reasons explained above why Lead Plaintiff has satisfied the Rule 23(e)(2)(C)(i) factor, Lead Plaintiff has satisfied the fourth *Grinnell* factor.

---

[7] Notice of the pendency of this Litigation was provided to the Classes in 2019. Over 270,000 notices were mailed to potential Class Members and nominees, and no requests for exclusion from the Classes were made. *See* Declaration of Mishka Ferguson Regarding Notice Dissemination, Publication, and Requests for Exclusion to Date. ECF No. 390.

4817-5033-2347.v2

### 5.     The Risks of Maintaining the Class Action Through Trial

Although the Classes were certified, the Court could have revisited certification at any time –

presenting a continuous risk that this case, or particular claims, might not be maintained on a class-

wide basis through trial. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) ("the

risk that the case might be not certified is not illusory").

### 6.     The Ability of Defendants to Withstand a Greater Judgment

A court may also consider a defendant's ability to withstand a judgment greater than that

secured by settlement, although it is not generally one of the determining factors. *See D'Amato v.

Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001). While it is undisputed that Defendants here could

withstand a judgment in excess of $84 million, courts generally do not find the ability of a defendant

to withstand a greater judgment to be an impediment to settlement when the other factors favor the

settlement, and, in fact, the ability of defendants to pay more money does not render a settlement

unreasonable. *See In re Vitamin C Antitrust Litig.*, No. 06-MD-1738 (BMC) (JO), 2012 U.S. Dist.

LEXIS 152275, at *18-21 (E.D.N.Y. Oct. 23, 2012).

### 7.     The Reasonableness of the Settlement in Light of the Best
        Possible Recovery and the Attendant Risks of Litigation

The adequacy of the amount offered in settlement must be judged "not in comparison with

the possible recovery in the best of all possible worlds, but rather in light of the strengths and

weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762

(E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987). The Court need only determine whether the

Settlement falls within a "range of reasonableness" – a range which "recognizes the uncertainties of

law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking

any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972); *see also Glob.

Crossing*, 225 F.R.D. at 461 (noting that "the certainty of [a] settlement amount has to be judged in

- 17 -

[the] context of the legal and practical obstacles to obtaining a large recovery"); *In re Indep. Energy Holdings PLC Sec. Litig.*, No. 00 Civ. 66 89 (SAS), 2003 U.S. Dist. LEXIS 17090, at *9-*15 (S.D.N.Y. Sept. 29, 2003) (noting few cases tried before a jury result in full amount of damages claimed).

In addition, in considering the reasonableness of the proposed Settlement, the Court should consider that it provides for payment to the Classes now, rather than a speculative payment years down the road.  *See AOL Time Warner*, 2006 U.S. Dist. LEXIS 17588, at *44 (where settlement fund is in escrow earning interest, "the benefit of the Settlement will . . . be realized far earlier than a hypothetical post-trial recovery").  Nevertheless, the proposed Settlement here represents an exceptional recovery under the circumstances – approximately 32% of Lead Plaintiff's estimated recoverable damages of approximately $263 million and far in excess of Defendants' estimated recoverable damages.

Given both the risks prior to and at trial, the size of the recovery strongly supports entry of the Notice Order.

## IV.    NOTICE TO THE CLASSES SHOULD BE APPROVED

As outlined in the agreed-upon form of proposed Notice Order, and described above, Lead Plaintiff will notify Members of the Classes by mailing the Notice and Proof of Claim to all Members of the Classes who can be identified with reasonable effort, using multiple sources of data, including: (i) those Class Members who received the Notice of Pendency; and (ii) a proprietary list created and maintained by the Claims Administrator of the largest and most common U.S. banks, brokers, and other nominees, and the Depository Trust Company, which acts as a clearinghouse to process and settle trades in securities.  The Notice will advise the Classes of: (i) the essential terms of the Settlement; and (ii) information regarding Lead Counsel's application for an award of

- 18 -

attorneys' fees and expenses.  The Notice also will provide specifics on the date, time, and place of

the Settlement Hearing and set forth the procedures for submitting valid and timely Proofs of Claim

pursuant to the proposed Plan of Allocation, and objecting to the Settlement, the proposed Plan of

Allocation, and/or the application for attorneys' fees and expenses.

In addition to mailing the Notice and Proof of Claim, the Claims Administrator will cause

publication of a Summary Notice in the national edition of *The Wall Street Journal* and once over a

national newswire service.

The form and manner of providing notice to the Classes satisfy the requirements of due

process, Rule 23, and the PSLRA.  In short, the Notice and Summary Notice "'fairly apprise the

prospective members of the class of the terms of the proposed settlement and of the options that are

open to them in connection with the proceedings.'"  *Wal-Mart*, 396 F.3d at 114; *In re Warner*

*Chilcott Ltd. Sec. Litig.*, No. 06 Civ. 11515 (WHP), 2008 U.S. Dist. LEXIS 99840, at *6-*8

(S.D.N.Y. Nov. 20, 2008).

## V.    PROPOSED SCHEDULE OF SETTLEMENT EVENTS

Lead Plaintiff proposes the following schedule for Settlement-related events in this case:

| Event | Proposed Due Date |
|---|---|
| Deadline for commencing mailing of the Notice and Proof of Claim to the Classes (which date shall be the "Notice Date") (Notice Order, ¶6) | 21 business days after entry of Notice Order |
| Deadline for publishing the Summary Notice (Notice Order, ¶7) | Up to 7 calendar days after the Notice Date |
| Deadline for filing of papers in support of final approval of Settlement, Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (Notice Order, ¶18) | 35 calendar days prior to Settlement Hearing |
| Deadline for receipt of objections (Notice Order, ¶15) | 21 calendar days prior to Settlement Hearing |
| Settlement Hearing (Notice Order, ¶2) | 100 calendar days after the date of the Notice Order |
| Deadline for filing reply papers (Notice Order, ¶18) | 7 calendar days prior to Settlement Hearing |

| Event | Proposed Due Date |
|---|---|
| Deadline for submitting Claim Forms (Notice Order, ¶13) | 120 calendar days after the Notice Date |

## VI. CONCLUSION

Accordingly, Lead Plaintiff respectfully requests that the Court enter the Notice Order which approves the proposed form and manner of notice to be given to the Classes, and schedules a hearing on Lead Plaintiff's motion for final approval of the Settlement and Lead Counsel's application for an award of attorneys' fees and expenses.

DATED:  June 17, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
ARMEN ZOHRABIAN
JOHN H. GEORGE

s/Shawn A. Williams

SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
azohrabian@rgrdlaw.com
jgeorge@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com

Lead Counsel for Plaintiff

- 20 -

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on June 17, 2020, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and

I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to

the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shawn A. Williams

SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

E-mail: shawnw@rgrdlaw.com

## Mailing Information for a Case 1:12-cv-00256-LAK City of Westland Police and Fire Retirement System v. Metlife, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John Norman Bolus**
  jbolus@maynardcooper.com,jatkinson@maynardcooper.com

- **John J. Clarke , Jr**
  john.clarke@dlapiper.com,DocketingNewYork@dlapiper.com

- **Richard J. Davis**
  rdavis@maynardcooper.com,emcpherson@maynardcooper.com

- **Elliot Greenfield**
  egreenfield@debevoise.com,dimamura@debevoise.com

- **Daniel C Harkins**
  daniel.harkins@dlapiper.com,DocketingNewYork@dlapiper.com,new-york-docketing-7871@ecf.pacerpro.com

- **Maeve L. O'Connor**
  moconnor@debevoise.com,mao-ecf@debevoise.com

- **Daniel J. Pfefferbaum**
  dpfefferbaum@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,RRothman@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **John Vukelj**
  john.vukelj@dlapiper.com,john-vukelj-8235@ecf.pacerpro.com,DocketingNewYork@dlapiper.com,new-york-docketing-7871@ecf.pacerpro.com

- **Shawn Anthony Williams**
  swilliams@rgrdlaw.com,aelishb@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

- **Armen Zohrabian**
  azohrabian@rgrdlaw.com,kmccormack@rgrdlaw.com,azohrabian@ecf.courtdrive.com

- **Jason Allen Zweig**
  jasonz@hbsslaw.com,lisal@hbsslaw.com,ceciliah@hbsslaw.com,nicolleg@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Thomas          C. Michaud
,
```