UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

CITY OF WESTLAND POLICE AND FIRE      :
RETIREMENT SYSTEM, Individually and on :
Behalf of All Others Similarly Situated,       :
                                               :
                          Plaintiff,           :
                                               :
              vs.                              :
                                               :
METLIFE INC., et al.,                          :
                                               :
                          Defendants.          :
                                               :
————————————————————————— x

Civil Action No. 1:12-cv-00256-LAK

CLASS ACTION

[~~PROPOSED~~] ORDER REGARDING
PROPOSED SETTLEMENT PURSUANT
TO FED. R. CIV. P. 23(e)(1) AND
PERMITTING NOTICE TO THE CLASSES

4845-4869-1129.v3

WHEREAS, an action pending before this Court is styled *City of Westland Police and Fire Retirement Systems v. MetLife Inc., et al.*, No. 1:12-cv-00256-LAK (S.D.N.Y.) (the "Litigation");

WHEREAS, Lead Plaintiff having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order regarding the proposed Settlement, as documented in the Stipulation of Settlement, dated June 8, 2020 (the "Stipulation") and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, the Court is familiar with and has reviewed the record in the Litigation and has reviewed the Stipulation, including the exhibits attached thereto, and found good cause for entering the following Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and in accordance with Fed. R. Civ. P. 23(e)(1) finds that the proposed Settlement warrants the issuance of notice of the proposed Settlement to Members of the Classes.

2. A hearing shall be held before this Court on April 14, 2021, at 10 a.m. (the "Final Approval Hearing"), at the Daniel Patrick Moynihan United States Courthouse, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Classes and should be approved by the Court; to determine whether a Judgment as provided in ¶1.13 of the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of attorneys' fees, costs, charges and expenses that should be awarded to Lead Counsel; to determine

- 1 -

any award to Lead Plaintiff pursuant to the applicable provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); to hear any objections by Members of the Classes to: (i) the Settlement or Plan of Allocation, (ii) the award of attorneys' fees and expenses to Lead Counsel, and (iii) an award to Lead Plaintiff pursuant to the PSLRA; and to consider such other matters the Court deems appropriate. The Court may adjourn the Final Approval Hearing or decide to hold the Final Approval Hearing telephonically without further individual notice to the Classes.

3.    The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed ~~hereto as Exhibits 1 and 2, respectively.~~ to docket item 404 as Exhibits 1 and 2, respectively.

4.    The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed ~~hereto~~ to item 404 as Exhibit 3.

5.    The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

6.    Not later than Jan. 15, 2021 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Members of the Classes who can be identified with reasonable effort and to be posted on the case-designated website, www.MetLifeSecuritiesLitigation.com.

7.    Not later than Jan. 15, 2021, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

4845-4869-1129.v3

8.     At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who may be Members of the Classes as record owners but not as beneficial owners.  Such nominee purchasers are directed, within fourteen (14) business days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim and Release to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release to beneficial owners.

10.     The form and content of the notice program described herein and the methods set forth herein for notifying the Classes of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4845-4869-1129.v3

11.     All fees, costs, and expenses incurred in identifying and notifying Members of the Classes shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility or liability for such fees, costs, or expenses.

12.     All Members of the Classes (except Persons who requested exclusion pursuant to the Notice of Pendency of Class Action provided in June 2019) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Classes, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13.     Members of the Classes who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than Feb. 26 , 2021. Any Member of the Classes who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late submitted claims.

4845-4869-1129.v3

Case 1:12-cv-00256-AKD Document 406 Filed 11/24/20 Page 6 of 11

14.     Any Member of the Classes may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

15.     Any Member of the Classes may appear at the Final Approval Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded or awards to Lead Plaintiff should not be awarded; provided, however, that no Member of the Classes or any other Person shall be heard at the Final Approval Hearing or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees, together with costs and expenses to be awarded to Lead Counsel or any award to Lead Plaintiff, unless the Person objecting has filed said written objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mailed copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Shawn A. Williams, Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, CA  94104 and Maeve O'Connor, Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022 no later than Feb. 26, 2020.  Any Member of the Classes who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs, charges and expenses to Lead Counsel or Lead Plaintiff, unless otherwise ordered by the Court.  Attendance at the Final Approval Hearing is not necessary.

4845-4869-1129.v3

However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing. Members of the Classes do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

16.     Any Member of the Classes who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

17.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees, costs, charges and expenses and awards to Lead Plaintiff shall be filed and served no later than Mar. 26 , 2020, and any reply papers shall be filed and served no later than Apr. 3 , 2020.

19.     The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Counsel, and such

- 6 -

matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

20.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved.  The Court reserves the right to enter the Order and Final Judgment approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses.

21.     All reasonable expenses incurred in identifying and notifying Members of the Classes as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.8 or 2.9(c) of the Stipulation.

22.     Neither this Order nor the Stipulation, nor any of their respective terms or provisions, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order may be construed as an admission or concession by the Defendants or any other Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Persons, Lead Plaintiff, Members of the Classes, and each of their counsel may file the Stipulation, and/or this Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res*

4845-4869-1129.v3

*judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Member of the Classes, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

24.     The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to Members of the Classes, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Classes.

25.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective litigation positions as of March 11, 2020.

IT IS SO ORDERED.

DATED: 1/24/20

THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on June 17, 2020, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and

I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to

the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shawn A. Williams
SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

E-mail: shawnw@rgrdlaw.com

# Mailing Information for a Case 1:12-cv-00256-LAK City of Westland Police and Fire Retirement System v. Metlife, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John Norman Bolus**
  jbolus@maynardcooper.com,jatkinson@maynardcooper.com

- **John J. Clarke , Jr**
  john.clarke@dlapiper.com,DocketingNewYork@dlapiper.com

- **Richard J. Davis**
  rdavis@maynardcooper.com,emcpherson@maynardcooper.com

- **Elliot Greenfield**
  egreenfield@debevoise.com,dimamura@debevoise.com

- **Daniel C Harkins**
  daniel.harkins@dlapiper.com,DocketingNewYork@dlapiper.com,new-york-docketing-7871@ecf.pacerpro.com

- **Maeve L. O'Connor**
  moconnor@debevoise.com,mao-ecf@debevoise.com

- **Daniel J. Pfefferbaum**
  dpfefferbaum@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,RRothman@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **John Vukelj**
  john.vukelj@dlapiper.com,john-vukelj-8235@ecf.pacerpro.com,DocketingNewYork@dlapiper.com,new-york-docketing-7871@ecf.pacerpro.com

- **Shawn Anthony Williams**
  swilliams@rgrdlaw.com,aelishb@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

- **Armen Zohrabian**
  azohrabian@rgrdlaw.com,kmccormack@rgrdlaw.com,azohrabian@ecf.courtdrive.com

- **Jason Allen Zweig**
  jasonz@hbsslaw.com,lisal@hbsslaw.com,ceciliah@hbsslaw.com,nicolleg@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Thomas          C. Michaud
,