UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
CITY OF WESTLAND POLICE AND FIRE RETIREMENT
SYSTEM, etc.,

                        Plaintiff,

        -against-                                                       12-cv-0256 (LAK)

METLIFE, INC., et al.,

                        Defendant(s).
------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The parties have moved for approval of a proposed class action settlement of this case, and plaintiff's counsel have moved for an award of approximately $21 million as attorneys' fees. In support of the latter application, they have submitted a lodestar calculation based on 20,443 hours of work by 24 lawyers, unspecified numbers of paralegals, document clerks, and shareholder relations personnel, and 9 litigation support people. Hourly rates or, some cases, ranges of hourly rates, are given for individuals or categories of personnel. All of the hourly rates employed are current hourly rates notwithstanding that this effort spanned eight to nine years during which rates employed at the time some of the services were performed likely were lower. Thus, the nominal lodestar figure may be viewed on that basis alone as having been overstated, which is not to say that a lengthy delay in payment – which of course occurred here – should not be taken into favorable account in awarding fees. *See, e.g., In re CPI Card Group Inc., Secur. Litig.,* 16-Civ-4531 (LAK), 2019 WL 845223, at *1 (S.D.N.Y. Feb. 6, 2019). Nor has much information been provided about just what the 20,000 plus hours were spent on, except of course in a very general way.

        In order to provide additional information that the Court considers appropriate for making an informed judgment on the fee application, plaintiffs' counsel shall provide the following:

        1.     A restated summary lodestar spread sheet in the general form of Williams Decl. Ex. A but, for each individual for whom compensation is sought, (a) the number of hours at each hourly rate in effect for that individual at the time the hours were devoted and (b) a summary line reflecting the total hours and the individual's blended historical hourly rate over the course of the litigation.

        2.     An analysis of the categories of work for which compensation is sought, the

hours devoted to each category by each individual for whom compensation is sought, and the "lodestar" for that category of work by each individual based on historical rates. For the guidance of counsel, the Court found the categories used in *In re IndyMac Mortgage-Backed Secur. Litig.*, 94 F. Supp.2d 517, 529 (S.D.N.Y. 2015), *aff'd sub nom. DeValerio v. Olinski*, 673 Fed. Appx. 87 (2d Cir. 2016), to have been helpful. The Court, however, recognizes that other sets of categories also might be helpful or more helpful as well as more easily employed. It is open to another approach. Counsel, however, would be well advised to inform the Court in advance of the manner in which they propose to supply this information.

        3.    The Court notes that biographical information has not been provided for all persons for whom compensation has been sought. That deficiency should be remedied.

        4.    It is the burden of plaintiff's counsel to establish the reasonableness of the hourly rates on which the lodestar is based. That involves, among other considerations, the time keepers' titles and roles (including whether persons performing similar roles typically are billed to paying clients on an hourly basis), years and quality of experience, and market rates for similar professionals, among other factors. Counsel would be well advised to address these and related issues.

    SO ORDERED.

Dated:    March 30, 2021

_____
Lewis A. Kaplan
United States District Judge