UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF WESTLAND POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>METLIFE INC., et al.,<br><br>Defendants. | Civil Action No. 1:12-cv-00256-LAK<br><br><u>CLASS ACTION</u><br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR: (1) FINAL APPROVAL OF SETTLEMENT; (2) APPROVAL OF PLAN OF ALLOCATION; AND (3) AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO LEAD PLAINTIFF AND PRELIMINARY RESPONSE TO COURT'S MARCH 30, 2021 ORDER |

Lead Plaintiff Central States, Southeast and Southwest Areas Pension Fund, on behalf of itself and the Classes, and Lead Counsel respectfully submit this reply memorandum of law in further support of Lead Plaintiff's motion for final approval of the Settlement, approval of the Plan of Allocation and for an award of attorneys' fees and expenses and an award to Lead Plaintiff.[1] Lead Counsel also provides a preliminary response to the Court's March 30, 2021 Order; a full substantive response to that Order will be filed in advance of the April 14, 2021 final approval hearing.

## I. PRELIMINARY STATEMENT

The Settlement resolves this Litigation in its entirety and establishes a common fund of $84,000,000 for the benefit of Members of the Classes. As detailed in Lead Plaintiff's and Lead Counsel's opening papers (ECF Nos. 407-413), the Settlement is the product of more than eight years of hard-fought litigation and extensive arm's-length negotiations, achieved with the assistance of mediator Judge Layn R. Phillips (Ret.). It represents a very favorable result for the Classes in light of the substantial risks and challenges that Lead Plaintiff and the Classes faced in proving liability and defeating Defendants' arguments in response, as well as the costs and delays of continued litigation.

In response to the extensive Court-approved notice program, which involved mailing over 442,450 copies of the Notice of Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Notice Package") to potential Members of the Classes and nominees and publishing the Summary Notice in *The Wall Street*

[1] Unless otherwise noted, all capitalized terms are defined in the June 8, 2020 Stipulation of Settlement ("Stipulation") (ECF No. 403) or in the previously-filed Memorandum of Law in Support of Lead Plaintiff's Motion for Final Approval of Settlement, Approval of Plan of Allocation, and for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff, dated February 1, 2021. ECF No. 408. The Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Suppl. Murray Decl."), dated March 31, 2021, is submitted herewith. All citations are omitted and emphasis is added, unless otherwise indicated.

*Journal* and over *Business Wire*, not a single objection was filed. This reaction of the Classes further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for fees and expenses are fair and reasonable and should be approved.

## II. THE CLASSES OVERWHELMINGLY SUPPORT THE SETTLEMENT

Lead Plaintiff and Lead Counsel respectfully submit that their opening brief and declarations demonstrate why approval of the motion is warranted. Now that the time for objecting has passed, the complete lack of objections provides additional support for approval of the motions.

Pursuant to the Court's Notice Order, more than 442,450 copies of the Notice Package have been mailed to potential Members of the Classes and their nominees. *See* Supplemental Murray Decl., ¶4. The Notice informed Members of the Classes of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $2,500,000, including an award to Lead Plaintiff for its time and expenses incurred in representing the Classes. *See* Notice (ECF No. 412-2), at 2. The Notice also apprised Members of the Classes of their right to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses, the February 26, 2021 deadline for filing objections, and the February 26, 2021 deadline for submitting Proofs of Claim. *See id.* The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice Package, and the deadlines for the submission of Proofs of Claim, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over *Business Wire*. *See* ECF No. 412, Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date, ¶14. In addition, the Claims Administrator updated the case-specific website (www.metlifesecuritieslitigation.com) to provide information regarding the Settlement and

links to relevant documents (*id.*, ¶16), and the case-specific toll-free telephone helpline (1-888-300-1049) was, and remains, available to answer class member questions. *Id.*, ¶15.

As noted above, following this fulsome, Court-approved notice program, no Members of the Classes objected to any aspect of the Settlement, the Plan of Allocation, or the fee and expense application.

The absence of objections strongly supports a finding that the Settlement, Plan of Allocation, and fee and expense requests are fair, reasonable, and adequate. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013); *In re Bisys Sec. Litig.*, No. 04 Civ. 3840(JSR), 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007). "[T]he favorable reaction of the overwhelming majority of class members . . . is perhaps the most significant factor." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). Although a "'certain number of objections are to be expected in a class action with an extensive notice campaign and a potentially large number of class members,'" *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB) (JO), 2019 WL 6875472, at *16 (E.D.N.Y. Dec. 16, 2019), "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" *Id.* (quoting *Wal-Mart*, 396 F.3d at 118). As Judge Sweet recently recognized, "The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. Nov. 26, 2018), *aff'd*, 822 F. App'x 40 (2d Cir. 2020).

Importantly, the complete lack of any objection by institutional investors is further evidence of the fairness of the Settlement. *See In re Citigroup*, 965 F. Supp. 2d at 382 (the reaction of the class supported the settlement where "not a single objection was received from any of the

institutional investors that hold the majority of Citigroup stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

The lack of objections from institutional or retail class members also supports approval of the Plan of Allocation. *See, e.g.*, *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002); *In re Veeco*, 2007 WL 4115809, at *14 ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Classes should also be considered with respect to Lead Counsel's request for an award of attorneys' fees and expenses. The absence of any objections to the requested fee and expenses supports a finding that the request is fair and reasonable. *See, e.g.*, *In re Veeco Instruments Inc. Sec Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "'is entitled to great weight by the Court'" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley*, 186 F. Supp. 2d at 374 (the lack of any objection to the fee request supported its approval). In particular, the lack of any objections by institutional investors supports approval of the fee and expense request. *See In re Bisys*, 2007 WL 2049726, at *1 (lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

## III. PRELIMINARY RESPONSE TO COURT'S MARCH 30, 2021 ORDER

Lead Counsel will provide a substantive response to the Court's March 30, 2021 Order in advance of the April 14, 2021 fairness hearing. In accordance with the Court's Order, however,

specifically subsection 2 thereof, Lead Counsel proposes that it will provide a breakdown of litigation related tasks, by category and by timekeeper, similar to (but slightly more expansive than) the one the Court found to be helpful in *In re IndyMac Mortgage-Backed Sec. Litig.*, 94 F. Supp. 3d 517 (S.D.N.Y. 2015). Lead Counsel submits that the "Category Chart by Timekeeper and Year" in Exhibit A hereto, and the "Lodestar Chart by Timekeeper and Year" in Exhibit B hereto, will provide the Court with a description of the time spent and the work performed over the last eight years.

## IV. CONCLUSION

For each of these reasons, the reasons set forth in Lead Plaintiff's and Lead Counsel's opening papers, all other prior proceedings in this Litigation, and the forthcoming response to the Court's March 30, 2021 Order, it is respectfully requested that the Court approve the Settlement and Plan of Allocation and award the requested attorneys' fees and expenses and award to Lead Plaintiff.[2]

DATED: April 2, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
JOHN H. GEORGE

s/ Shawn A. Williams

SHAWN A. WILLIAMS

[2] The proposed: (i) Order and Final Judgment; (ii) Order Approving Plan of Allocation; and (iii) Order Awarding Attorneys' Fees and Expenses and an Award to Lead Plaintiff are submitted herewith.

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
jgeorge@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423
elleng@rgrdlaw.com

Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 2, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shawn A. Williams

SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: ShawnW@rgrdlaw.com

# Mailing Information for a Case 1:12-cv-00256-LAK City of Westland Police and Fire Retirement System v. Metlife, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John Norman Bolus**
  jbolus@maynardcooper.com,jatkinson@maynardcooper.com
- **John J. Clarke , Jr**
  john.clarke@dlapiper.com,DocketingNewYork@dlapiper.com,new-york-docketing-7871@ecf.pacerpro.com
- **Richard J. Davis**
  rdavis@maynardcooper.com,emcpherson@maynardcooper.com
- **Elliot Greenfield**
  egreenfield@debevoise.com,dimamura@debevoise.com
- **Daniel C Harkins**
  daniel.harkins@dlapiper.com,DocketingNewYork@dlapiper.com,new-york-docketing-7871@ecf.pacerpro.com
- **Maeve L. O'Connor**
  moconnor@debevoise.com,mao-ecf@debevoise.com
- **Daniel J. Pfefferbaum**
  dpfefferbaum@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com
- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com
- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,RRothman@ecf.courtdrive.com,e_file_sd@rgrdlaw.com
- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com
- **John Vukelj**
  jvukelj@daypitney.com,john-vukelj-8235@ecf.pacerpro.com,DocketingNewYork@dlapiper.com,new-york-docketing-7871@ecf.pacerpro.com
- **Shawn Anthony Williams**
  swilliams@rgrdlaw.com,aelishb@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com
- **Jason Allen Zweig**
  jaz@kellerlenkner.com,docket@kellerlenkner.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Thomas              C. Michaud
,
```